**Abatement Order filed March 5, 2013.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-13-00046-CR
_____

**ERIC DEMOND DOUGLAS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 174th District Court
Harris County, Texas
Trial Court Cause No. 1122749**

## ABATEMENT ORDER

Appellant entered a plea of guilty to possession of between one and four grams of cocaine. After a pre-sentence investigation, on September 3, 2008, the trial court sentenced appellant to confinement in prison for twenty-five years. A timely motion for new trial was filed. Appellant filed an untimely notice of appeal on December 23, 2008. This court dismissed the appeal for want of jurisdiction. *See Douglas v. State,* No. 14-08-01177-CR, 2009 WL 195954 (Tex. App.—

Houston [14th Dist.] Jan. 29, 2009, no pet.) (mem. op. not designated for publication).

In an opinion delivered December 5, 2012, the Texas Court of Criminal Appeals ordered that appellant is entitled to an out-of-time appeal. The Court ordered the trial court to determine if appellant is indigent and entitled to appointed counsel within 10 days of its opinion. If appellant is indigent and desires counsel, the trial court was ordered to appoint counsel to represent appellant. The court also ordered that appellant was required to file a notice of appeal within thirty days of the issuance of its mandate. The Court of Criminal Appeals' mandate issued December 31, 2012. Appellant filed a *pro se* notice of appeal on January 4, 2013, and the appeal was assigned to this court. The clerk's record was filed February 26, 2012. The record does not contain an order determining indigence or appointing counsel for appellant. The record also does not contain appellant's pre-sentence investigation report. Accordingly, we issue the following order.

The appeal is abated so that the trial court may determine appellant's indigence, and if necessary, sign an order appointing counsel to represent appellant in his out-of-time appeal. The judge shall direct the trial clerk to forward a supplemental clerk's record containing the order on indigence, any order appointing counsel, and appellant's pre-sentence investigation report to this court on or before **April 5, 2013.** In addition, if the trial court determines that appellant is indigent, the judge shall direct the court reporter on appellant's case, B.J. Orsack, to prepare and certify the reporter's record from the proceedings related to appellant's 2008 conviction. The reporter's record shall also be due on or before **April 5, 2013,** subject to any extension of time that may be granted.

2

The appeal is abated, treated as a closed case, and removed from this court's active docket. The appeal will be reinstated on this court's active docket when the supplemental records are filed in this court. The court will also consider an appropriate motion to reinstate the appeal filed by either party, or the court may reinstate the appeal on its own motion.


PER CURIAM

3